## CLARK et al. v. FAIRBANKS.

(Circuit Court of Appeals, Fifth Circuit. March 12, 1918.)

No. 3079.

1. **APPEAL AND ERROR** ⬤⟹781(6)—DISMISSAL—MOOT CASE—SETTLEMENT.

Where, pending an appeal from an order enjoining the sale of land under a statutory foreclosure proceeding in the state court, a purchaser from the mortgagor and his grantee contracted for an extension with the mortgagees, who recognized such purchaser as obligor in the entire transaction, the appeal will be dismissed; all questions other than costs having become moot.

2. **COSTS** ⬤⟹232—DISMISSAL—MOOT CASE.

Where by reason of a settlement the questions involved in an appeal from an injunction order have become moot, costs must be assessed against the appellant in sustaining a motion to dismiss.

3. **INJUNCTION** ⬤⟹235—DISMISSAL—MOOT CASE.

Where, pending appeal from an order enjoining mortgage foreclosure sale under statutory proceedings in state court, a settlement of the question involved was effected, appellants cannot, the appeal being dismissed, assert any rights for damages or costs on the injunction bond.

4. **COSTS** ⬤⟹197—DISMISSAL—MOOT CASE.

Where, pending appeal from an order enjoining a sale under statutory foreclosure proceedings in a state court, a settlement was effected, the question of costs in the state court will be left for that tribunal on dismissal of the appeal.

Appeal from the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

Bill by W. D. Fairbanks against Ollie O. Clark and others. From an order enjoining sale of land under foreclosure proceedings in the state court, defendants appeal. Dismissed.

John C. Theus, of Monroe, La., for appellants.

W. F. Millsaps and R. H. Oliver, Jr., both of Monroe, La., for appellee.

Before WALKER and BATTS, Circuit Judges, and NEWMAN, District Judge.

NEWMAN, District Judge. This is an appeal from an order granting an injunction against the sale of certain real estate under a foreclosure of a mortgage under a statutory proceeding in the state court. It is unnecessary to discuss the merits of the matter in controversy in this case, because there is a motion by the appellee to dismiss the case in this court, as the case as it existed at the time it was heard in the Dis-

---

trict Court, and when the appeal was entered, has been settled by a subsequent agreement between the parties.

The mortgage which was foreclosed, and under which the sale was about to be made, was a mortgage given by L. M. Fairbanks to Ollie O. Clark, Carey C. Clark, and William E. Clark on the land covered by the mortgage in question here, which was, as recited in the record, a vendor's lien and special mortgage on the property sold by the Clarks to L. M. Fairbanks. After the purchase of the property by L. M. Fairbanks from the Clarks, he sold the property so purchased to W. D. Fairbanks, who filed the bill in the United States District Court to restrain the sale under the foreclosure of the mortgage. The order granting the injunction was made on March 28, 1917. The appeal to this court was allowed April 3, 1917, and the appeal filed in this court May 8, 1917.

[1] The motion to dismiss the appeal in this case is as follows, signed by counsel and sworn to by W. F. Millsaps, one of the counsel for the appellees:

"The appellee respectfully moves the court to dismiss the appeal herein for the following reasons:

"Subsequent to the order of appeal herein, that is, on the 29th day of June, A. D. 1917, L. M. Fairbanks and W. D. Fairbanks sold and delivered to H. D. Briggs, a resident of Ouachita parish, Louisiana, the property described in the petition for writ of injunction sued out in this cause, for a consideration of $10,000 and the assumption by said Briggs of all indebtedness due by L. M. Fairbanks and secured by mortgage on said property, as is shown by deed on file in the office of the clerk of court and ex officio recorder of mortgages for the parish of Ouachita, state of Louisiana, certified copy of such deed being annexed hereto, the assumption being of all indebtedness affecting the property involved in this litigation and on which the writ of seizure and sale issued out of the Sixth district court of the parish of Ouachita, state of Louisiana.

"On July 24, 1917, appellants substituted said Briggs as debtor instead and in place of appellee and L. M. Fairbanks, the vendor of appellee, received from said Briggs a check for the sum of $20,000 as a partial payment of the mortgage indebtedness, the basis of the foreclosure suit by appellants which was enjoined, and agreed that upon the payment by the drawee bank of the check so given and the further payment of $10,000 on or before August 15, 1917, and $10,000 on or before September 17, 1917, an extension would be granted on the balance of the indebtedness until the 15th day of March, 1918.

"The check for $20,000 was paid upon presentation by the drawee bank and that sum received by appellants; the two other partial payments of $10,000 each were made by the said Briggs and his assignee, Southern Carbon Company (now owner of the land), before their respective due dates, in accordance with the agreement of July 24, 1917, and these amounts accepted by the appellants; and thus there was extended the date of maturity of the debt formerly due by L. M. Fairbanks and affecting the property, sale of which was enjoined.

"Appearer shows that because of the facts above shown, the sale of the land by appellee, the novation of the debt by the substitution of a new debtor, the receipt of the payments made by Briggs and his assignee, and by the extension of time of maturity of the debt to a future date, there has been a valid settlement of all rights and differences respecting the subject-matter of the controversy involved in this cause, events have occurred which make a determination of the right to an injunction unnecessary or for your honorable court to grant any effectual relief, the appellants, on account of the transactions had with Briggs and others, are not entitled further to prosecute the cause entitled 'O. O. Clark et al. v. L. M. Fairbanks,' No. 9231 on the docket of the Sixth district court for the parish of Ouachita, state of Louisiana.

and in which a writ of seizure and sale was issued, which said writ is suspended by the proceedings in this cause, but are expressly relegated by the terms of the said contract to suit on the same in the event of default, and there exists at this time no actual controversy, so that to determine the question presented to this court would be to determine a moot question.

"Appellee attaches hereto certified copy of the deed of sale from W. D. and L. M. Fairbanks to H. D. Briggs, certified copy of receipt and agreement by appellants of date July 24, 1917, given by H. D. Briggs, and affidavit by H. D. Briggs, and affidavit by H. D. Briggs of the truth of the facts alleged in this petition.

"Wherefore appellee asks that this honorable court dismiss the appeal filed herein by defendants, at their costs."

The facts stated in this motion are not contested, although it is claimed by counsel for the appellants that certain costs have accrued and certain additional rights may exist in favor of the appellants, which justifies a refusal to dismiss the appeal here. It appears from the above that both L. M. Fairbanks, the original mortgagor, and W. D. Fairbanks, his vendee, have made a deed to the land in question here to Briggs, and that Briggs assumed the payment of the debt to the Clarks, it not to exceed in any event $95,000. Briggs has paid $40,000 of that amount, and agreed to pay the balance in March, 1918; the time for payment being extended to that date by the Clarks.

It appears, therefore, that there is no longer any controversy between W. D. Fairbanks and L. M. Fairbanks, the original mortgagor, on the one hand, and the Clarks, on the other. The issue made between them in this case before the court is clearly at an end, as between them, by the terms of the settlement. The only thing left in the case which might make an issue between them is the question of costs here and in the state court. No provision seems to have been made as to this between the parties in making the settlement by which Briggs assumed the payment of the debt due the Clarks. It seems from the agreement that Stubbs, Theus & Grisham, attorneys for the Clarks, are to retain control of the notes of Fairbanks, and also some other notes which Briggs will pay off, and some tax receipts, until final settlement is made, or until default and suit instituted on the same, when they are to be made matters of court record, and in the event of any default Briggs is to be credited with the entire amount paid.

[2, 3] So it seems that the Clarks have fully and finally accepted Briggs as their obligor in this entire transaction, and the two Fairbanks are relieved from all their liabilities in the matter. All that is left between the parties to this cause and to this appeal being the costs, as stated, it seems to us that the case here must be dismissed. What is left is only a moot question, and there is really no controversy between the parties to the cause as to the subject-matter of the litigation. The costs in this court and in the District Court must be taxed against the appellant in sustaining this motion to dismiss. No rights will exist in favor of the Clarks for any damages or costs on the Fairbanks injunction bond given in the District Court, as they have settled the case with the Fairbanks before its final determination in this court. This settlement would seem to preclude them from making any claim for damages on the Fairbanks bond, but this matter will be determined in the District Court.

[4] The costs in the state court, mentioned by counsel for the appellant, can well be left to the state court to be there taxed as the law and justice may require.

The motion to dismiss the appeal must be granted; and it is so ordered.